

1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| DAMON B. COOK, | ) ED CV 08 ̂625 ̂-JFW (SH) |
| Petitioner, | ) |
| | ) MEMORANDUM AND ORDER |
| | ) DISMISSING PETITION FOR |
| v. | ) WRIT OF HABEAS CORPUS |
| | ) |
| DARREL G. ADAMS, | ) |
| Respondent. | ) |

## I. **BACKGROUND**

On May 7, 2008, pro se petitioner, in state custody, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein. In his Petition, petitioner challenges his 1997 convictions for forcible rape and forcible oral copulation, in Riverside County Superior Court (Case No. RIF 75468).    The Petition solely alleges that there was insufficient evidence to support petitioner's convictions.  (See Petition and Exhibits).

1

## II. **DISCUSSION**

On August 10, 2000, after the case was transferred from the Eastern District of California, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein (Case No. CV 00-08569-RJK (Mc)).   In that petition, petitioner challenged the same 1997 convictions.  On August 21, 2002, the district court denied that petition with prejudice, in accordance with the findings, conclusions and recommendations of the Magistrate Judge.

On May 16, 2006, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein (Case No. CV 06-00513-JFW (SH)).   In that petition, petitioner challenged the same 1997 convictions (indeed, petitioner alleged the same claim as the claim alleged in the Petition herein).  On May 30, 2006, the district court dismissed that petition as an unauthorized, successive petition.  On July 5 and 17, 2006, the district court denied petitioner's request(s) for a certificate of appealability.   On January 29, 2007, the Ninth Circuit denied  petitioner's request for a certificate of appealability.

On March 18, 2008, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody herein (Case No. EDCV 08-375-JFW (SH)).   In that petition, petitioner challenged the same 1997 convictions (again, petitioner alleged the same claim as the claim alleged in the Petition herein).  On March 25, 2008, the district court dismissed that petition as an unauthorized, successive petition.  On April 16, 2008, the district court denied petitioner's request for a certificate of appealability.

On April 29, 2008, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein (Case No. EDCV 08-00570-JFW (SH)).   In that petition, petitioner challenged the same 1997 convictions (again, petitioner alleged the same claim as the claim alleged in the Petition herein).  On April 30, 2008, the district court dismissed that petition as an unauthorized, successive petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered   previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the

3

district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

The instant Petition is a successive habeas corpus petition. The instant Petition was filed on April 29, 2008, well after the effective date of the AEDPA. Therefore, petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained in this case. Thus, the Petition should be dismissed for that reason.

///

# III.  ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.

DATED:  5/16/08

JOHN F. WALTER
UNITED  STATES  DISTRICT  JUDGE

Presented by:
Dated: 5/16/08

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

5